# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 06-00108-KD-B |
| | ) |
| ANTOINE JERMAINE DENNIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Antoine Jermain Dennis' Motion to Modify Sentence Pursuant to First Step Act and the United States' response (docs. 53, 59). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Procedural history

Antoine Dennis was indicted in May 2006 for six counts related to the possession and distribution of crack cocaine, cocaine, and possession of a firearm. He pled guilty to Count Three which charged possession with intent to distribute approximately 34 grams of crack cocaine and Count Five which charged use, carry and possession of a firearm in relation to a drug trafficking offense.

Dennis was sentenced on May 8, 2007. He was held accountable for crack cocaine, cocaine, and marijuana which yielded a marijuana equivalency of 1,315.7 grams. His total offense level was 32 and with a criminal history category of V, his Sentencing Guidelines range was 188 to 235 months as to Count Three and 60 months, consecutive, as to Count Five. With a prior felony drug conviction, Dennis' statutory mandatory minimum sentence for the 34 grams of crack cocaine increased from 5 to 40 years to 10 years to life. 21 U.S.C. § 841(b)(1)(B).

Pursuant to 18 U.S.C. § 3553(a), the Court imposed a sentence below the advisory Guidelines range and sentenced Dennis to 180 months as to Count Three. He was also sentenced to 60 months, consecutive, for the firearm, for a total term of imprisonment of 240 months.

In 2010, Dennis moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence based on Amendment 706 to the Sentencing Guidelines.[1] His recalculated total offense level was 30 and with a criminal history category of V, his Sentencing Guidelines range was lowered to 151 to 188 months as to Count Three. The motion was granted. Dennis's sentence was reduced to a comparable below-the-Guideline sentence of 143 months as to Count Three. Dennis remained subject to the sentence of 60 months, consecutive, as to Count Five.

In 2011, Dennis moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence based on Amendment 750 to the Sentencing Guidelines.[2] His recalculated total offense level was 26 and with a criminal history category of V, his Sentencing Guidelines range was lowered to 120 to 137 months as to Count Three.[3] The motion was granted. Dennis received a reduced sentence of 120 months as to Count Three. Dennis remained subject to the sentence of 60 months, consecutive, as to Count Five.

---

[1] United States v. Barkley, 615 Fed. Appx. 557, 559, n.2 (11th Cir. 2015) ("... Amendment 706 lowered the base offense level for most cocaine base offenses by two levels[.]") (citing U.S.S.G. app. C. amends. 706, 711).

[2] United States v. Cannion, 597 Fed. Appx. 1060, 1062 (11th Cir. 2015) ("Amendment 750 took effect in November 2011, lowering the base offense levels applicable to crack-cocaine offenses by revising the drug-quantity tables in U.S.S.G. Manual § 2D1.1(c). See U.S.S.G.App. C., amend. 750. ... Amendment 750 is retroactively applicable and may be enforced through a § 3582(c)(2) motion.") (citing U.S.S.G. Manual § 1B1.10(c)).

[3] Dennis's calculated Guidelines Range was 110 to 137 months. However, he was subject to a ten-year statutory, mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(B). Therefore, 120 months became the low end of his Guidelines Range.

In 2015, Dennis moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence based on Amendment 782 to the Sentencing Guidelines.[4] His recalculated total offense level was 24 and with a criminal history category of V, his calculated Sentencing Guidelines range was 92 to 115 months. However, the offense in Count Three carried a statutory minimum sentence of ten years. Therefore, his actual Guidelines range was 120 months.

The Court found that Dennis was not eligible for a reduction. Pursuant to the Sentencing Guidelines Policy Statement, a reduction below the statutory minimum could be granted only if the original reduction was based upon substantial assistance under 18 U.S.C. § 3553(e). See U.S.S.G. § 1B1.10(b)(2). Since there had been no motion based upon substantial assistance, the Court lacked authority to sentence Dennis below the statutory mandatory minimum. His sentence remained 120 months as to Count Three and 60 months, consecutive, as to Count Five. On motion for reconsideration, the Court reiterated that Dennis' sentence had been reduced to the statutory minimum sentence and that no further reduction was available. His sentence remained at 180 months and his current estimated release date is June 9, 2020.

II. Analysis

A. Dennis' motion for relief pursuant to § 403 of the First Step Act

Dennis moves the Court to amend his sentence and allow him to serve his sentence for Count Five concurrently with his sentence for Count Three. He argues that § 403 of the First Step Act amended 18 U.S.C. § 924(c)(1)(C) such that the Court may order his 60-month

---

[4] "Amendment 782 lowered the base offense level for many drug offenses, . . . by revising the Drug Quantity Table in U.S.S.G. § 2D1.1(c)." United States v. Berry, 615 Fed. Appx. 545 (11th Cir. 2015) (citing U.S.S.G. app. C, amend. 782; U.S.S.G. § 1B1.10(d) (listing Amendment 782 among the amendments that may serve as the basis for a § 3582(c)(2) reduction)). The Sentencing Commission promulgated Amendment 788, which made Amendment 782 retroactively applicable. U.S.S.G., App. C, Amend. 788 (providing that Amendment 782 becomes retroactively applicable on November 1, 2015).

sentence for Count Five, the offense of use, carry, and possession of a firearm in relation to a drug trafficking offense, to be served concurrently with his sentence for Count Three.

Upon consideration, his motion is denied. The First Step Act did not amend 18 U.S.C. § 924(c)(1)(C) in that manner. Additionally, and importantly, the amendments to 18 U.S.C. § 924(c)(1)(C) apply "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, § 403, 132 Stat. 5194. The Act was enacted December 21, 2018. Since Dennis was sentenced before December 21, 2018, this portion of the Act could not apply to him.

B. <u>Dennis' motion for relief pursuant to § 404 of the First Step Act</u>

Section 404(b) of the First Step Act of 2018 provides, in relevant part, that

> A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed.

Pub. Law 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).

A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010." Id. § 404(a). Section 2 increased the quantity of crack cocaine necessary to impose the statutory minimum and maximum penalty in 21 U.S.C. § 841(b)(1)(A), from 50 grams to 280 grams. Section 2 also increased the quantity in 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams. Section 3 eliminated certain mandatory minimum penalties for simple possession of crack cocaine. 21 U.S.C. § 844(a).

Dennis pled guilty to the offense of possession with intent to distribute 34 grams of crack cocaine. At time of sentencing, with an offense involving 34 grams of crack cocaine – an amount between 5 and 50 grams - and a prior felony drug conviction, Dennis was subject to the

enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B). Specifically, 10 years to life. Although the Fair Sentencing Act increased the quantity of crack cocaine from 5 grams to 28 grams, Dennis' conviction for 34 grams – an amount between 28 grams and 280 grams - still subjects him to the same statutory penalty. Since the Court is without any authority to sentence Dennis below the statutory minimum,[5] his motion is denied.

III. Conclusion

Upon consideration, and for the reasons set forth herein, Jackson's motion for relief pursuant to § 403 and § 404 of the First Step Act is DENIED.

**DONE** and **ORDERED** this 20th day of August 2019.

                                          **s / Kristi K. DuBose**
                                          **KRISTI K. DuBOSE**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

---

[5] Dennis' Sentencing Guidelines range, recalculated upon application of the First Step Act, is 92 to 115 months. His total offense level is 24 and his criminal history category is V. However, because Count Three carries the statutory minimum of 10 years, his actual Sentencing Guidelines range is 120 months. The United States did not file a motion for reduction based on substantial assistance.