IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-00108-KD-B |
| | ) |
| ANTOINE JERMAINE DENNIS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on defendant Antoine Jermaine Dennis' motion for placement in a halfway house (doc. 84). Upon consideration, and for the reasons set forth herein, the motion is DISMISSED for lack of jurisdiction.

I. Background

In May of 2007, Senior United States District Judge Charles R. Butler, Jr. sentenced Dennis to a total term of 240 months for the offenses of possession with intent to distribute crack cocaine (180 months) and use, carrying, or possession of a firearm in furtherance of a drug trafficking crime (60 months to serve consecutively) (doc. 26). His sentence for distribution was later reduced to 143 months and then to 120 months upon retroactive application of amended Sentencing Guidelines (docs. 33, 39). Other motions for reduction of sentence were denied (docs. 43, 61).

Dennis was released from prison and began his eight-year term of supervision on March 5, 2020. He violated certain conditions of release and on January 6, 2023, his term was revoked. At sentencing, he was "committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of nine (9) months" (doc. 83).

II. Analysis

Dennis now moves the Court to "be placed in a halfway house to be able to gain and keep

employment" (doc. 84).  As grounds, he references the "short term of incarceration" (Id.)

As an initial consideration, the motion does not comply with the Local Rules of the Southern District of Alabama. S.D. Ala. Crim. L.R. 12(a)(1) states that "Every motion must state the statute, rule, or legal or equitable principle pursuant to which it is made and may be accompanied by a supporting memorandum, affidavits, or other documents."

However, at this stage of the action, the relevant statute is clear.  Since Dennis has been sentenced and committed to the custody of the Bureau of Prisons to serve a term of imprisonment, 18 U.S.C. § 3621(b) instructs that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment…".  Williams v. Flournoy, 732 Fed. Appx. 810, 812 (11th Cir. 2018) ("'[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise.'" (quoting McKune v. Lile, 536 U.S. 24, 39, 122 S. Ct. 2017 (2002).").  Since the Court lacks authority to place Dennis in a halfway house, the motion is due to be dismissed.

Dennis may petition the Bureau of Prisons through its administrative remedy procedure, which allows an inmate to raise issues concerning placement. 28 C.F.R. § 542.10, *et seq.*  And upon exhaustion of administrative remedies, he may file a petition pursuant to 28 U.S.C. § 2241. However, **Counsel is reminded** that her appointment under the Criminal Justice Act to represent Dennis does not include representation in the BOP administrative remedy procedure. The Criminal Justice Plan for the Southern District of Alabama, explains that "counsel shall continue the representation until the matter, including appeals or review by certiorari, is closed[.]"). Id., at Section VII (D). Dennis filed a notice of non-appeal (doc. 82).

**DONE** and **ORDERED** this 24th day of January 2023.

                      s / Kristi K DuBose
                      **KRISTI K. DuBOSE**
                      **UNITED STATES DISTRICT JUDGE**